TEXTO COMPLETO DE LA RESOLUCION
El Procurador General de Puerto Rico presenta ante nos petición de certiorari. Solicita la revisión de la resolución dictada el 5 de julio de 2000 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante dicha resolución, el foro de instancia declaró no ha lugar la moción de desestimación presentada por la Procuradora de Relaciones de Familia.
A continuación exponemos brevemente el trasfondo fáctico y procesal del caso.
El 21 de mayo de 1999, el Sr. Luis Roberto Rodríguez Del Valle (en adelante señor Rodríguez) presentó una demanda sobre impugnación de paternidad. Alegó que contrajo matrimonio civil con Liz Annette Feliciano Rosado (señora Feliciano en adelante), el 15 de mayo de 1998; que a finales del mes de mayo del mismo año decidieron casarse por la iglesia, por lo que la señora Feliciano se fue a residir a la casa de sus padres hasta tanto se realizaba la segunda boda. Continuó alegando que por tal razón el señor Rodríguez quedó en su residencia en Caguas, sin tener ningún contacto físico con la señora Feliciano; que a principios del mes de agosto la señora Feliciano alegó estar embarazada. Que como consecuencia del alegado embarazo, adelantaron los planes de la segunda boda para el 12 de septiembre de 1998 y que el 13 de septiembre, después de haberse efectuado la misma, la señora Feliciano decidió no querer estar más con el señor Rodríguez e hizo que se fuera ese mismo día. Continuó el señor Rodríguez alegando en su demanda que el 30 de marzo de 1999 la señora Feliciano dio a luz una niña, la que se le puede imputar como su hija en cualquier momento por haber estado casados ambos entre sí al momento de la menor nacer. Por último, alegó no ser el padre de la menor y solicitó que así se declarara por el tribunal.
Diligenciado el emplazamiento a la señora Feliciano el 11 de junio de 1999, y a solicitud del señor Rodríguez, la secretaría del tribunal le anotó la rebeldía a ésta el 1ro. de septiembre de 1999. No obstante, mediante orden de 10 de septiembre de 1999, el juez Elmer L. Cuerda Acevedo declaró no ha lugar tal solicitud y ordenó al señor Rodríguez ilustrar el por qué del procedimiento "ya que según (sic) no aparece registrada a nombre del demandante", página 14 del apéndice.
*689 El 2 de noviembre de 1999, el señor Rodríguez presentó una moción en cumplimiento de orden. En la misma señaló que el tribunal le cuestionó el por qué del procedimiento de impugnación si la menor no aparece registrada como su hija. Procedió entonces el señor Rodríguez a contestar el cuestionamiento fundamentando su demanda en el artículo 113 del Código Civil, el cual discutiremos más adelante, en la Regla 16(30) de las de Evidencia y el planteamiento de que:
La no inclusión en la inscripción del Registro Demográfico del demandado (aquí recurrido) no constituye de por sí una declaración incontrovertible de un hecho filiatorio.
En la moción en cumplimiento de orden antes mencionada el señor Rodríguez también señala como controversia en el caso cuándo es que él puede impugnar la presunción de legitimidad una vez nace la menor. Contesta la interrogante señalando que se puede impugnar la paternidad de un hijo nacido durante el matrimonio dentro de los tres meses siguientes a partir de la fecha de la inscripción en el Registro Demográfico si el padre está viviendo en Puerto Rico.
El 13 de diciembre de 1999 se celebró una vista sobre el estado de los procedimientos en el caso. Durante la misma el señor Rodríguez solicitó al tribunal que le designara un defensor judicial a la menor. Acogida la solicitud, el foro de instancia designó a la Procuradora de Relaciones de Familia para representar los intereses de la niña.
El 8 de marzo de 2000, la Procuradora de Relaciones de Familia presentó una moción de desestimación. Alegó que mediante la demanda presentada se pretende impugnar la legitimidad de una menor nacida vigente el matrimonio pero que fue inscrita sin que aparezca el nombre del padre; que no puede negarse lo que no existe; que en el presente caso la realidad registral demuestra que el señor Rodríguez no es el padre de la menor; que en las propias alegaciones del señor Rodríguez éste reconoce que la señora Feliciano no lo incluyó como padre aún cuando estaba legalmente casado con ella; que esta acción es una especulativa y prematura; que conforme a lo dispuesto en 24 L.P.R.A., see. 1231, a los efectos de que una vez archivado en el Departamento de Salud el certificado de nacimiento, no podrá hacerse rectificación, adición ni enmienda alguna que altere sustancialmente el mismo, sino en virtud de orden del tribunal, por lo que la señora Feliciano no podrá en el futuro inscribir unilateralmente el nombre del señor Rodríguez como padre sin la correspondiente autorización del tribunal y, por último, que el señor Rodríguez no tiene "standing" por pretender la impugnación de un estado inexistente.
El 31 de marzo de 2000, el tribunal celebró una vista de discusión de la moción de desestimación y la misma quedó sometida ante su consideración.
El 5 de julio de 2000, el ilustrado foro de instancia dictó resolución en el caso. Resolvió que la inscripción en el Registro Demográfico no es concluyente y no constituye de por sí una declaración incontrovertible de un hecho filiatorio; que se presume legítimo el hijo nacido después de los ciento ochenta (180) días siguientes al de la celebración del matrimonio; que si el señor Rodríguez no promueve la acción de impugnación de paternidad dentro del plazo para así hacerlo, ocurre la caducidad y queda consolidada su paternidad para todos los efectos y, finalmente, que habiendo nacido el menor vigente el matrimonio, la ley establece una presunción automática que señala que el esposo de la madre es el padre del menor y es a éste a quien corresponde por los medios disponibles destruir tal presunción de paternidad impugnando la misma. Por tanto, declaró no ha lugar la moción de desestimación presentada.
Inconforme, acude ante nos el Procurador General de Puerto Rico y señala como error lo siguiente:

“ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA CAUSA DE ACCION ESTA MADURA.

*690 En la discusión de su error señala que un asunto no es justiciable cuando se promueve un pleito que no está maduro o cuando no existe aún una controversia real entre las partes propia para un pronunciamiento judicial. Sin controvertir los hechos alegados por el señor Rodríguez en la demanda presentada, es la posición del Procurador General que en el caso de autos no consta legalmente que el señor Rodríguez es el presunto padre de la menor. Ello dado a que la niña no fue inscrita en el Registro Demográfico a su nombre. Por esa razón continúa alegando que la acción para impugnar la legitimidad de su hija aún no ha comenzado a decursar y no comenzará hasta que no se inscriba a la menor como hija del señor Rodríguez. Por último, el Procurador señala que es totalmente especulativo en estos momentos si algún día se reclamará la paternidad del señor Rodríguez, por lo que existen eventos futuros que afectarán la controversia, los cuales determinarán su presente justiciabilidad, haciendo más apropiado una decisión posterior cuando la controversia se haya concretizado.
Por las razones que expondremos, denegamos la expedición del recurso presentado.
El principio básico de la filiación natural es la procreación. Esta es de fácil determinación respecto de la madre una vez probado el hecho del parto y la identidad del hijo. La identidad del padre, sin embargo, no es de tan sencilla solución. Coexisten dos (2) situaciones: la del hijo cobijado por una presunción de legitimidad, por haber nacido éste vigente el matrimonio, y la del hijo nacido fuera de matrimonio.
La filiación es legítima o matrimonial cuando el padre y la madre del niño están casados entre sí al momento de su nacimiento. El artículo 113 del Código Civil establece una presunción juris tantum de legitimidad para aquellos hijos nacidos después de los ciento ochenta (180) días siguientes a la celebración del matrimonio. Almodávar v. Méndez Román, 125 D.P.R. 218, 235 (1990). A esos efectos establece el citado artículo 113 que son hijos los nacidos después de los ciento ochenta (180) días siguientes a la celebración del matrimonio.
Por otro lado, las personas que carecen de filiación paterna, pasan a ostentar una filiación cuando los reconoce un varón.
Como hemos visto, nuestro ordenamiento jurídico no equipara la filiación matrimonial y la no matrimonial. La primera se basa en una presunción, mientras la segunda requiere del acto jurídico mediante el cual una persona se declara padre del hijo de que se trate. Almodóvar v. Méndez Román, supra, pág. 240.
En resumen, la menor que nace de madre casada adquiere desde el momento mismo de su nacimiento, respecto al marido de su madre, la condición o estado de hija de aquel por mandato expreso de las disposiciones del artículo 113 del Código Civil, supra.
Por tanto, la posición del Procurador General de que en el caso de autos no consta legalmente que el señor Rodríguez es el padre de la menor, es una premisa incorrecta según nuestro estado de derecho.
El hecho de que la menor no haya sido inscrita en el Registro Demográfico como hija del señor Rodríguez, en nada afecta la condición de hija de éste que la niña adquirió desde su nacimiento por haber nacido después de los ciento ochenta (180) días siguientes al de la celebración del matrimonio. De acuerdo a los hechos no controvertidos, el señor Rodríguez y la señora Feliciano contrajeron matrimonio el 15 de mayo de 1998 y la menor nació el 30 de marzo de 1999, vigente el matrimonio.
Contra la anterior conclusión no procede el alegato del Procurador General de que el señor Rodríguez no es el padre porque la menor no se inscribió en el Registro Demográfico con su apellido.
La inscripción en el Registro Demográfico de Puerto Rico no constituye de por sí una declaración incontrovertible de un hecho filiatorio.
*691 No hay duda, pues, que desde la aprobación de la Ley de Registro Demográfico de Puerto Rico, el certificado de nacimiento pierde su conclusividad como documento suficiente para probar el estado civil de una persona y, se convierte en un documento prima facie suficiente, lo cual significa que su suficiencia se reconoce hasta el momento mismo en que se establecen por otra clase de prueba los verdaderos hechos filiatorios. Tosado v. Tenorio, 96 J.T.S. 72, 1137, resuelto el 20 de mayo de 1996.
La doctrina suele hablar de impugnación de paternidad refiriéndose a la filiación matrimonial, única filiación presumida. Lo anterior significa que la impugnación de la paternidad sólo es posible cuando, presumiendo la ley esa paternidad, el marido ataca la presunción. No hay acción de impugnación de la paternidad extramarital o fuera de matrimonio, aunque existe la acción de impugnación del reconocimiento. Almodóvar v. Méndez Román, supra, págs. 241-242.
Presumido el hecho de que el señor Rodríguez es el padre de la menor, la acción para impugnar la paternidad comenzó a existir coetáneamente al nacimiento de ésta, para ser más exactos, desde que a la niña se le cortó el cordón umbilical. Es nacido el ser humano que viva completamente desprendido del seno materno.
No es correcto, pues, que sea más apropiado emitir una decisión en el caso en un momento posterior. Además del posible problema de caducidad para ejercer la acción al que se arriesgaría el señor Rodríguez, existe otra razón mucho más poderosa para dilucidar esta controversia a la brevedad posible: no existe justificación alguna para mantener en un limbo jurídico el estado de hija de la menor en este caso ni para mantener en tal incertidumbre al presunto padre.
De acuerdo a los hechos alegados en la demanda, el señor Rodríguez y la señora Feliciano contrajeron matrimonio el 15 de mayo de 1998, la menor nació el 30 de marzo de 1999, o sea, más de ciento ochenta (180) días siguientes al de la celebración del matrimonio. Al momento de su nacimiento sus padres estaban casados, aunque el señor Rodríguez había presentado una demanda de divorcio. Por estar vigente el matrimonio, al nacer la niña también nació la presunción de paternidad del señor Rodríguez. Al comenzar su existencia la presunción antes indicada se creó instantáneamente, simultáneamente, el derecho del señor Rodríguez de impugnar su presunta paternidad.
Por los fundamentos anteriores, denegamos el auto de certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 27
1. Hon. José A. Cruz Noel.
2. Obviamente se refiere a que no consta inscrita en el Registro Demográfico como hija del señor Rodríguez.
3. 31 L.P.R.A., see. 461.
4. 32 L.P.R.A., Ap. IV, R. 16.
5.31 L.P.R.A., see. 461.
6. Son hijos legítimos los nacidos después de los ciento ochenta (180) días siguientes al de la celebración del matrimonio y antes de los trescientos (300) días siguientes a su disolución.
Contra esta legitimidad no se admitirá otra prueba que la imposibilidad física del marido para tener acceso con su mujer *692 en los primeros ciento veinte días de los trescientos (300) que hubiesen precedido al nacimiento del hijo.
7. Se inscribió haciendo constar que es hija de la señora Feliciano.
8. El 19 de marzo de 1999, el señor Rodríguez presentó demanda de divorcio contra la señora Feliciano, pero ninguna de las partes ha alegado que el matrimonio haya sido disuelto antes del nacimiento de la menor. Pero, aún partiendo de la premisa de que se hayan divorciado antes del día en que la menor nació, también le aplicaría al recurrido la presunción de padre por haber ocurrido el nacimiento antes de los trescientos (300) días siguientes a su disolución. 31 L.P.R.A., see. 461.